The trial court found in ruling on the appellee's motion for directed verdict that the statements of the driver were such that reasonable minds could not infer negligence on the part of the driver. However, Civ.R. 50(A) requires the trial court to construe the evidence and inferences most strongly in favor of the nonmoving party. In this cause, there was evidence of a duty owed by appellees to appellant's decedent. There was proof of injury and the proximate cause of the injury.
The determination of whether negligent conduct is the proximate cause of an injury is a question of fact for the jury to decide. Res ipsa loquitur is a rule of evidence which does not require but permits the trier of fact to infer negligence after the court determines as a matter of law that the rule is applicable. I believe all the requirements necessary to make the rule applicable are present in this cause. While appellant could not obtain judgment by application of the rule, the inference raised was sufficient to preclude the granting of the directed verdict to appellees.
Accordingly, I believe the trial court's grant of a directed verdict was error and that this cause should be remanded for further proceedings.